TIDE WATER ASSOCIATED OIL CO.
vs.
RALPH GULLIVER, ET AL.

Superior Court            Fairfield County            File #56037

MEMORANDUM FILED JULY 29, 1938.

Frederick J. Rundbaken, of Hartford; Morris Blumer, of Hartford, for the Plaintiff.

Thomas A. Keating, of Danbury; Reich & Reich, of Bridgeport, for the Defendants.

BALDWIN, J.   On April 25, 1934, the defendant Gulliver entered into a written contract with the Tide Water Oil Company, a New Jersey corporation, the term of which was for one year and from year to year thereafter unless and until terminated at the end of the original or any renewal period by either party upon ten days' written notice to the other. This contract was assigned by the Tide Water Oil Company (the New Jersey corporation) to the Tide Water Oil Company, a Delaware corporation, which corporation merged with and into the plaintiff corporation, which corporation, through such merger, acquired all rights, interests, title, duties and obligations of the two Tide Water Oil Companies in such contract.

This contract had never been terminated by the giving of ten days' written notice by either party thereto to the other.

Among the provisions of this contract is one by which Gulliver agreed "not to sell gasoline or lubricants other than those purchased from Tide Water." This provision, and several other provisions of the many included in the contract were waived by the plaintiff and its predecessors thereunder. From these facts and from other circumstances, not necessary for the purposes of this memorandum here to detail, Gulliver claims to have thought, and that in fact, there was no contract that was recognized as such between the parties.

The plaintiff claims that the contract was existing and in force until along in May, 1938, when the defendant, Epco, Incorporated, persuaded and induced Gulliver to terminate it and to purchase from it gasoline and petroleum products for the business conducted by Gulliver.

It appears that Gulliver conducts quite a substantial gasoline and petroleum products business, his gasoline output for 1937 approximating 688,000 gallons. Late in March, 1938, Gulliver ordered from the plaintiff, in the usual manner employed in ordering, a quantity of gasoline required by him for the conduct of his business. There was some question over his account with the plaintiff and his credit and a delay ensued in the delivery of the ordered gasoline, and because of this situation, Gulliver found it necessary to get some 60,000 gallons of gasoline from another dealer.

Because of this experience and other experiences in his business relations with the plaintiff, Gulliver called on the telephone the president of the defendant, Epco, Incorporated, and has, from about that time, secured gasoline and other petroleum products from this defendant which he markets with Socony gasoline and Socony petroleum products and other petroleum products (all of which he has dispensed during the life of the contract in question) to the exclusion of the plaintiff's gasoline and petroleum products.

If upon a full trial of this case it is found that Gulliver, without justification, breached the contract, then it would appear from the evidence presented in the hearing upon this application for a temporary injunction that the damages resulting from such breach are determinable with a substantial degree of accuracy and that there is no such irreparable injury and no such non-computable damages resulting therefrom as justifies the issuance of the peculiar and extraordinary powers of an injunction.

The application for a temporary injunction is, therefore, denied.